UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANDREA LEVITT,

    Plaintiff,

v.                                                         Case No.:

CITY OF PENSACOLA, FLORIDA,

    Defendant.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Andrea Levitt, by and through her undersigned counsel, and hereby files this Initial Complaint against defendant, City of Pensacola, Florida, and alleges:

### *I. Jurisdiction and Venue*

1. This Court has jurisdiction in this cause pursuant to 28 U.S.C. § 1331 insofar as claims arise under the Family and Medical Leave Act (FMLA), which is codified at 29 U.S.C. § 2601, *et seq.*, as well as the Americans with Disabilities Act (ADA), which is codified at 42 U.S.C. §12101, et seq. This Court also has supplemental/pendant jurisdiction over plaintiff's unpaid wage claim under state law.

2. Plaintiff has met all of the statutory prerequisites to sue: more than 180 days have elapsed since she timely filed her charge of discrimination alleging disability discrimination with the Equal Employment Opportunity Commission (EEOC); thereafter, she sought her notice of right to sue from the EEOC; the EEOC issued her a notice of right to sue on January 4, 2023; and plaintiff subsequently received that notice.

3. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the claims arose in this district; defendant has an office and operates in this district; plaintiff was employed, paid, and worked in this district; all causes of action accrued in this district; and defendant is subject to personal jurisdiction in this district.

## *II. Parties*

4. Plaintiff is a former employee of defendant.

5. Defendant is a public employer and governmental entity which is engaged in commerce or industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it, as well as the preceding calendar years. Additionally, defendant employed 50 or more employees within 75 miles of plaintiff's work site in Pensacola, Florida. Defendant is subject to the provisions of the FMLA, and it is an employer as that term is defined by the FMLA.

6. Defendant is a governmental entity which is engaged in commerce and activities affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks of the year for each calendar year during which plaintiff was employed by it as well as the preceding calendar years. It is an employer as that term is defined in the Americans with Disabilities Act, and it is subject to the requirements of that Act.

## *III. Factual Allegations*

7. Plaintiff began working for defendant in or around 2011.

8. At all times relevant hereto, plaintiff worked for defendant as its Assistant Director (Finance) at the Pensacola International Airport, and she performed her duties

at defendant's offices located at 2430 Airport Blvd., Pensacola, FL 32504.

9. Plaintiff was qualified for the position she held with defendant. She met all of the minimum requirements for her position and could perform all of the essential functions of her job.

10. At times relevant hereto, plaintiff suffered from a physical or mental impairment that substantially limits several of her major life activities, including concentrating, sleeping, thinking, caring for herself, interacting with others, and working. Therefore, she had a disability and was entitled to rights and protection from discrimination as a result under the Americans with Disabilities Act.

11. On January 23, 2022 plaintiff's disability and/or medication taken to control her disability required her to receive emergency inpatient medical care. Her medical condition required her hospitalization for more than three days, and it also required continuing treatment from a healthcare provider thereafter.

12. Defendant learned of plaintiff's hospitalization on January 24, 2022, which was her next scheduled work day after January 23.

13. Plaintiff also personally notified defendant of her hospitalization upon regaining the capacity to do so.

14. As a result of defendant's learning of plaintiff's hospitalization, it had actual knowledge of plaintiff's disability. It also regarded her as being substantially limited in one or more major life activities. Moreover, plaintiff had a record of being substantially limited in one or more major life activities.

15. Despite knowing that plaintiff was hospitalized with a serious, disabling medical condition, defendant asserted that plaintiff was absent without leave (AWOL)

and withheld her pay.  This was untrue; defendant was aware of her hospitalization, and plaintiff had accrued paid time off (which could be used for either vacation or sick leave purposes) which had not been exhausted.

16.     On January 28, 2022 plaintiff was discharged from her hospitalization, and her treating physician released her to return to work.

17.     Contrary to its treatment of other employees who had been hospitalized, defendant refused to allow plaintiff to return to work.  Instead, it delayed her return until after its physician (a) was available to meet with and examine plaintiff and (b) certified her to be fit for duty.

18.     Even once plaintiff was certified to be fit for duty on February 9, 2022 by the physician of defendant's choosing, however, defendant still refused to allow plaintiff to promptly return to work, unlike others in the past.

19.     Instead of allowing plaintiff to promptly return, defendant's Airport Director further delayed plaintiff's return to work until she first met with him on February 14, 2022, claiming they needed to meet in order to "get some resolution on a way forward" instead of promptly returning her to work.  During the meeting that occurred on that date, defendant, acting through its Airport Director, criticized plaintiff for her unplanned hospitalization in January 2022 and indicated he deemed her unreliable as a result of that unplanned absence.  Additionally, he threatened plaintiff's job because she had experienced an unplanned medical absence.

20.     Moreover, without any medical or other justification defendant persisted in its refusal to allow plaintiff to immediately return to work, instead delaying her return until the following day, February 15, 2022.

21. Upon returning, defendant treated plaintiff markedly differently than before. For instance, the Airport Director avoided plaintiff, failed to include her in planning meetings of the type she had previously attended, injected himself into hiring decisions plaintiff had been previously empowered to make, refused to either officially or unofficially appoint plaintiff as the acting director when he was unavailable, and effectively removed plaintiff from budget planning and other responsibilities and authorities she previously held. Moreover, these practices persisted through the remainder of plaintiff's employment with defendant.

22. In or around early March 2022, plaintiff complained to the United States Department of Labor that defendant's actions were violative of the FMLA.

23. An investigation ensued, and in June 2022 the Department of Labor concluded that defendant had violated the FMLA in regards to plaintiff.

24. Shortly thereafter, on August 29, 2022 defendant terminated plaintiff's employment with defendant, advising her she could work in any department of defendant's other than its Airport.

25. Upon its advising plaintiff of her termination, defendant also asked plaintiff to release all claims against it arising out of her employment. When she refused, defendant refused to pay plaintiff for her accrued paid time off, in violation of defendant's prior practice and policies. Defendant also either officially or unofficially declared her ineligible for rehire for any position with the City.

26. Upon information and belief, the duties plaintiff had been performing have been assumed by a non-disabled individual who had not recently sought medical leave for a serious health condition.

### *IV. Count I -- Violation of the FMLA (Interference)*

27. Plaintiff realleges and incorporates herein paragraphs 1 through 26, above.

28. In the twelve months prior to each request plaintiff made for medical leave, plaintiff had worked in excess of 1,250 hours for defendant.

29. Furthermore, at no point did plaintiff exhaust the twelve work-weeks of job-protected leave to which she was entitled under the FMLA.

30. Defendant interfered with plaintiff's rights under the FMLA by using the FMLA leave as a negative factor in paying her, disciplining her, managing her, and ultimately terminating plaintiff's employment.

31. The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

32. Plaintiff has been damaged as a result of defendant's actions. Such damages, both past and future, include the loss of employment, salary, raises and increments in such salary, and the loss of non-salary benefits and emoluments of employment. Plaintiff is also entitled to any actual monetary losses sustained by her as a result of defendant's actions.

33. Plaintiff has been required to retain an attorney to assist her in asserting and protecting her rights.

WHEREFORE, plaintiff demands nominal damages, damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; any actual monetary losses; injunctive relief; attorney's fees and costs; and any other relief to which she may

be entitled.

### V. Count II- Violation of the FMLA (Retaliation)

34. Plaintiff realleges and incorporates herein paragraphs 1 through 26, above.

35. In the twelve months prior to each request plaintiff made for medical leave, plaintiff had worked in excess of 1,250 hours for defendant.

36. Furthermore, at no point did plaintiff exhaust the twelve work-weeks of job-protected leave to which she was entitled under the FMLA.

37. A determinative factor in defendant's paying, disciplining, and ultimately terminating plaintiff was her use of leave under the FMLA and her objecting to defendant's violating the FMLA.

38. The foregoing facts and circumstances demonstrate that defendant has violated the FMLA.

39. Plaintiff has been damaged as a result of defendant's actions. Such damages, both past and future, include the loss of employment, salary, raises and increments in such salary, and the loss of non-salary benefits and emoluments of employment.

40. Plaintiff has been required to retain an attorney to assist her in asserting and protecting her rights.

WHEREFORE, plaintiff demands damages for back pay and all pay increases, bonuses, and benefits associated with employment or retirement; statutory liquidated damages; reinstatement, or front pay in the event reinstatement is not offered or awarded; interest, including pre-judgment interest; injunctive relief; attorney's fees and costs; and any other relief to which she may be entitled.

## *VI. Count III -- Disability Discrimination*

41. Plaintiff realleges and incorporates herein paragraphs 1-4, 6-21, and 24-26, above.

42. Determinative or motivating factors in defendant's treatment of plaintiff were her disability.

43. Moreover, any alleged non-discriminatory justification proffered by defendant is pretextual and unworthy of belief, as the true reason for its treatment of plaintiff; delaying her return to duty; lessening her duties, authority, and responsibilities; terminating her; and declaring her to be ineligible for rehire was her disability.

44. The foregoing facts and circumstances demonstrate that defendant has violated the Americans with Disabilities Act, by discriminating against plaintiff because of her disability.

45. Defendant and its agents knew or should have known that the above-referenced actions were discriminatory and that such actions violated the Americans with Disabilities Act. Nevertheless, defendant and its agents acted willfully, intentionally, and in reckless disregard for the rights of plaintiff.

46. Plaintiff has completed all of the necessary administrative requirements to bring this action in court.

47. As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, she has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy her life. Moreover, she has or may have to

incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

48. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, physical discomfort, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorneys' fees, and such other relief as this Court deems appropriate.

### VII.  Count IV -- Retaliation

49. Plaintiff realleges and incorporates herein paragraphs 1-4, 6-21, and 24-26, above.

50. Plaintiff complained to the Equal Employment Opportunity Commission (EEOC) about the disability discrimination she had and was continuing to endure in her employment in or around late February 2022

51. Although the EEOC failed to make a determination within 180 days of its receipt of her Charge of Discrimination, its state counterpart issued a determination on August 26, 2022.

52. A determinative factor in defendant's treatment of plaintiff; lessening her duties, authority, and responsibilities; terminating her; and declaring her to be ineligible for rehire was the fact that she had complained of disability discrimination and was continuing to complain of disability discrimination.

53. The foregoing facts and circumstances demonstrate that defendant has violated the Americans with Disabilities Act, which precludes employers from retaliating against or interfering with an employee because she asserted her rights.

54. Defendant and its agents knew or should have known that the above-referenced actions were discriminatory and that such actions violated the Americans with Disabilities Act. Nevertheless, defendant acted willfully and intentionally and in reckless disregard for the rights of plaintiff.

55. Plaintiff has completed all of the necessary administrative requirements to bring this action in court.

56. As a direct and proximate result of the actions of defendant, plaintiff has suffered mental anguish, physical discomfort, pain and suffering, humiliation, and embarrassment. Furthermore, she has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy her life. Moreover, she has or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

57. Plaintiff has been required to retain an attorney to assist her in asserting her claims and protecting her rights.

WHEREFORE, plaintiff demands damages for lost wages and benefits, back pay, front pay (or reinstatement), damages for humiliation, loss of capacity to enjoy life, mental and emotional distress, compensatory damages, interest -- including pre-judgment interest on lost wages, costs and attorneys' fees, and such other relief this Court deems appropriate.

### *VIII.  Count V -- Non-Payment of Wages*

58.     Plaintiff realleges and incorporates herein paragraphs 1, 3, 4, 7-9, and 24-25, above.

59.     Defendant failed to pay plaintiff the accrued paid time off she had earned.

60.     Despite plaintiff's demands, defendant refused to compensate plaintiff in accordance with its policies and practice.   As a result, plaintiff has suffered lost wages/benefits.

61.     Plaintiff has been required to hire an attorney to assist her in obtaining the wages/benefits owed to her.

WHEREFORE, plaintiff demands compensatory damages, interest (including pre-judgment interest), attorney's fees, costs, and such other relief as this Court deems appropriate.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
ODOM LAW GROUP, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
email@odomlawgroup.net
Attorney for Plaintiff